IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § | |
| v. | § § | 1:21-cv-298-HSO |
| | § | 1:18-cr-159-HSO-RHWR-1 |
| | § § | |
| **DAVID STEVE FIELDS** | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT DAVID STEVE FIELDS'S MOTION [75] UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

BEFORE THE COURT is the Motion [75] of Defendant David Steve Fields to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. After due consideration of the Motion, the record, and relevant legal authority, the Court finds that Defendant David Steve Fields's Motion [75] is not well-taken and should be denied without an evidentiary hearing.

I. BACKGROUND

A. Underlying criminal proceedings

On November 6, 2018, the Grand Jury charged Defendant David Steve Fields ("Defendant" or "Fields") in a two-count indictment with being a convicted felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2) (Count One), and with being an unlawful user of a controlled substance in possession of a firearm in violation of Title 18, United States Code, Sections 922(g)(3), 924(a)(2), and 924(e) (Count Two). Indict. [17] at 1.

After initially pleading guilty, the Court permitted Fields to withdraw his plea. Order [38]. Pursuant to a subsequent Plea Agreement with the Government, Fields elected to plead guilty again on June 24, 2019, to Count 1 of the Indictment. Plea Agree. [42]. The Plea Agreement [10] contained several written waivers, including that Defendant, while retaining the right to pursue a claim of ineffective assistance of counsel,

> expressly waives the following rights:
> (a) the right to appeal the conviction and sentence imposed in this case, or the manner in which that sentence was imposed, on the grounds set forth in Title 18, United States Code, Section 3742, or on any ground whatsoever, and
> (b) the right to contest the conviction and sentence in any post-conviction proceeding, including but not limited to motions filed under Title 28, United States Code, Section 2255 . . . .

Plea Agree. [42] at 4-5. Fields then again sought to withdraw his guilty plea, Mot. [49], but the Court denied this second request, Order [52].

Based upon Fields's criminal history documented in the Presentence Report ("PSR"), he was subject to a sentencing enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), on grounds that his prior convictions for violent felonies established a mandatory minimum statutory sentence of fifteen years. PSR [54] at 23. The United States Probation Office concluded that Defendant had previously been convicted of at least four prior violent felonies for purposes of the enhancement, including aggravated battery in Broward County, Florida, resisting an officer with violence in Miami-Dade County, Florida, and two aggravated assault with a firearm convictions in Broward County, which although

2

charged together, occurred on different days and targeted different victims, making them count separately under applicable caselaw.[1] PSR [54] at 8.

At sentencing, the Court considered these prior convictions and found that Fields was subject to the enhanced minimum statutory sentence. Tr. [71] at 46. The Court determined that the applicable Sentencing Guidelines range was between 188 and 235 months, and it sentenced Fields to 199 months imprisonment. *Id.* at 54. Fields filed a direct appeal, Not. [58], and the Fifth Circuit affirmed his conviction on December 9, 2020, J. [73].

B.  Defendant's Motion [75] to Vacate

On September 7, 2021, Fields filed the present Motion [75] to Vacate under 28 U.S.C. § 2255. He raises two grounds for relief: "(1) Whether the district court committed reversible error by overruling Fields's motion to withdraw his guilty plea (2) Whether the district court erred in enhancing Field's [sic] sentence under the ACCA enhancement[.]" Mot. [75] at 2.

Fields does not discuss his first proposed ground for relief in his Motion [75] beyond merely listing it. As to his second ground, he cites *Borden v. United States*, 141 S. Ct. 1817 (2021), in support of his argument that he improperly received the ACCA sentencing enhancement. In *Borden*, the Supreme Court held that a criminal offense with a *mens rea* of "recklessness" cannot count as a "violent felony" for purposes of an ACCA enhancement. *Borden*, 141 S. Ct. at 1821-22. Fields contends

---

[1] Fields also has a conviction for armed burglary in Broward County, Florida, which would otherwise count as a predicate offense under the ACCA, but it occurred on the same day and location as one of the aggravated assault convictions which was counted instead. PSR [54] at 8.

3

that this new decision – which he claims applies retroactively – renders his sentence unconstitutional, because his aggravated assault convictions in Florida were improperly counted as "violent felonies" under the ACCA, when the required *mens rea* for aggravated assault was only one of recklessness or culpable negligence. Mot. [75] at 4.

The Government responds that all of Fields's prior convictions should be considered violent felonies for purposes of the ACCA. Resp. [80] at 5. It asserts that Fields's previous convictions for aggravated assault were based on knowing or intentional conduct, which demands a higher level of *mens rea* than recklessness. *Id.* The Government acknowledges that Florida state courts were split on the issue of the required *mens rea* for aggravated assault, and notes that the United States Court of Appeals for the Eleventh Circuit recently certified this question of the requisite *mens rea* for assault under Florida law to the Florida Supreme Court. *Id.* at 7 (citing *Somers v. United States,* 15 F.4th 1049, 1056 (11th Cir. 2021)). On November 17, 2022, the Florida Supreme Court issued its opinion answering that "an assault cannot be committed by a reckless act under Florida law" and "requires at least knowing conduct." *Somers v. United States*, No. SC21-1407, slip op. at 13 (Fla. Nov. 17, 2022), *reh'g denied*, 2023 WL 192314 (Fla. Jan. 17, 2023).

## II. DISCUSSION

A.  Legal standard

Once finally convicted, there are four narrow and separate grounds upon which a federal prisoner may move to vacate, set aside, or correct a sentence under

28 U.S.C. § 2255: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *see also United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992).

"[O]n collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)). Upon conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *Shaid*, 937 F.2d at 231-32. Relief under 28 U.S.C. § 2255 is therefore reserved for violations of constitutional rights, and for a narrow range of injuries which could not have been raised on direct appeal which, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

B.   <u>Ground One: Whether the Court erred in denying Fields's Motion [49] to Withdraw his guilty plea</u>

Fields asserts that "the district court committed reversible error by overruling Mr. Fields's motion to withdraw his guilty plea." Mot. [75] at 2. Fields only listed this ground but did not brief or elaborate on it in any way, and he has therefore abandoned it. *See United States v. Hamoudi*, No. 20-20113, 2021 WL 3907805, at *1 (5th Cir. May 17, 2021) (finding that the petitioner abandoned his

claim that his counsel was ineffective in waiving his right to a preliminary hearing, because he had not briefed any argument).

On the merits, Fields's attorney raised this issue on his direct appeal to the Fifth Circuit. The Fifth Circuit rejected this argument and affirmed, saying that

> we reject the contentions that [Fields] lacked close assistance of counsel and that the plea was involuntary and unknowing. *See Missouri v. Frye*, 566 U.S. 134, 142 (2012); *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Green v. Johnson*, 160 F.3d 1029, 1042 (5th Cir. 1998). Fields's own testimony and signature on the plea agreement establish that, prior to his guilty plea, counsel reviewed with him and answered his questions about the indictment and the elements of the offense, the Government's evidence, the statutory maximum and mandatory minimum 15-year sentence, the terms of the plea agreement and supplement, and the appeal waiver. Additionally, as the district court noted in finding that Fields had the close assistance of able counsel, the attorney negotiated a second plea deal and filed several motions on Fields's behalf. The plea colloquy shows that Fields understood the sentencing range he faced, was fully satisfied with counsel's representation, and pleaded guilty of his own free will because he was guilty. We find no abuse of discretion in the denial of the motion to withdraw his guilty plea. See *McKnight*, 570 F.3d at 645; *United States v. Bounds*, 943 F.2d 541, 543 (5th Cir. 1991).

J. [72] at 2.

Fields's argument for relief on this ground is not well-taken and should be denied.

C. <u>Ground Two: Whether the Court erred in enhancing Fields's sentence under the ACCA</u>

1. <u>The Armed Career Criminal Act</u>

Of relevance here, the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), imposes a fifteen-year mandatory minimum sentence for persons found

guilty of illegally possessing a firearm who have three or more prior convictions for a "violent felony." ACCA defines the term "violent felony" as follows:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that--
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2).

Fields was sentenced under the ACCA based upon four prior felony convictions: (1) aggravated battery in violation of Florida Statute § 784.045; (2) resisting an officer with violence in violation of Florida Statute § 843.01; and (3) two convictions for aggravated assault with a firearm in violation of Florida Statute § 784.021. *See* Tr. [68] at 28-29, 52; PSR [54] at 8-9, 14-17. Fields does not challenge whether his aggravated battery and resisting an officer with violence convictions properly count as violent felonies for purposes of the ACCA, *see* Mot. [75] at 4, and the statutory text for both crimes make clear that they require the necessary *mens rea*, *see* Fla. Stat. § 784.03 (defining battery as "actually and intentionally touch[ing] or strik[ing] another person against the will of the other" or "intentionally caus[ing] bodily harm to another person"); § 784.045 (defining an aggravated battery as a battery where the perpetrator "intentionally or knowingly causes great bodily harm, permanent disability, or permanent disfigurement");

7

§ 843.01 (defining a violation as "knowingly and willfully resist[ing], obstruct[ing], or oppos[ing] an officer").

2.      Whether *Borden* applies to Fields's aggravated assault convictions

Whether Florida's aggravated assault statute requires a *mens rea* of recklessness is a question of state law that federal courts have debated. *Compare United States v. Stewart*, 711 F. App'x 810, 812 (8th Cir. 2018), *with Turner v. Warden Coleman FCI (Medium)*, 709 F.3d 1328, 1339 (11th Cir. 2013). Because federal courts considering this question have arrived at different conclusions, the Eleventh Circuit recently certified the following two questions to the Florida Supreme Court to determine whether Florida's aggravated assault statute meets the necessary *mens rea* requirement under *Borden* to count as a predicate offense for purposes of the ACCA:

> 1. Does the first element of assault as defined in Fla. Stat. § 784.011(1) -- "an intentional, unlawful threat by word or act to do violence to the person of another" -- require specific intent?
> 2. If not, what is the *mens rea* required to prove that element of the statute?

*Somers v. United States*, 15 F.4th 1049, 1055-56 (11th Cir. 2021).

The Florida Supreme Court rephrased the first question to ask whether, under Florida law, assault requires that "the actor direct the threat at a target, namely another person," and answered in the affirmative. *Somers*, No. SC21-1407, slip op. at 9; *see also Borden*, 141 S. Ct. at 1825 (holding that "an offense requiring the 'use of physical force against the person of another'" requires that "the perpetrator direct his action at, or target, another individual" (quoting 18 U.S.C.

8

§ 924(e)(2)(B)(i))). It first noted that "threat" in the assault statute "targets a specific type of conduct: an 'expression' of an intent or 'communicated intent' to do violence to another." *Somers*, No. SC21-1407, slip op. at 11. Regarding "violence," the Florida Supreme Court stated that the targeted conduct is "an intentional expression of an intent to use physical force to harm another's person." *Id.* at 11-12. It concluded that assault as defined by Florida law "require[s] that the intentional threat to do violence be directed at or targeted towards another individual," and "is 'aimed in that prescribed manner' referred to by the Supreme Court in *Borden*, 141 S. Ct. at 1825, and therefore cannot be accomplished via a reckless act." *Id.* at 12-13 (quoting *Borden*, 141 S. Ct. at 1825). Thus, to commit an assault in Florida, one must act knowingly. *Id.* at 13.

Fields has two prior convictions for aggravated assault with a firearm in violation of Florida Statute § 784.021. The statute defines the relevant offense as an assault with a deadly weapon without intent to kill or with an intent to commit a felony. Fla. Stat. § 784.021. Because an aggravated assault conviction necessarily requires that the perpetrator committed an assault, and an assault requires a knowing act under Florida law, an aggravated assault satisfies *Borden*'s *mens rea* requirement and counts as a predicate offense under the ACCA. *See Somers*, No. SC21-1407, slip op. at 13; *Borden*, 141 S. Ct. at 1825.

The Court therefore did not err in applying the ACCA enhancement in sentencing Fields. He has at least four prior felony convictions that "ha[ve] as an element the use, attempted use, or threatened use of physical force against the

9

person of another." PSR [54] at 8-9, 18 U.S.C. § 924(e)(2). Fields's argument for relief on this ground is not well-taken and should be denied.[2]

### III. CONCLUSION

Because the Motion [75], files, and records conclusively show that Defendant is entitled to no relief, the Court finds that Defendant's Motion [75] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, should be denied without an evidentiary hearing.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant David Steve Fields's Motion [75] to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255, is **DENIED** without an evidentiary hearing.

**SO ORDERED AND ADJUDGED**, this the 18th day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Fields also has a conviction for armed burglary. PSR [54] at 8. Even though burglary is an enumerated offense under the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), this conviction was not used as a predicate offense for the ACCA enhancement because it occurred at the same time and location as one of Fields's aggravated assault convictions which was cited instead, *see* PSR [54] at 8. Therefore, even if Fields's aggravated assault convictions were not "violent felonies" under the ACCA, Fields still has three qualifying prior convictions as required to subject him to the ACCA's mandatory minimum sentence.